UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SCOTT PHILLIP LEWIS,             ) | |
|                                  ) | |
|    Plaintiff,     ) | |
|                                  ) | |
| v.                               ) | Civil Action No. 1:25-cv-03322 (UNA) |
|                                  ) | |
|                                  ) | |
| U.S. GOVERNMENT                  ) | |
| PUBLISHING OFFICE, et al.,       ) | |
|                                  ) | |
|    Defendants,    ) | |

**MEMORANDUM OPINION**

This matter is before the Court on Plaintiff's *pro se* Complaint ("Compl."), ECF No. 1, and Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2. The Court grants the IFP Application, and for the reasons discussed below, it dismisses this case without prejudice.

Plaintiff, a resident of Lake Placid, New York, sues the U.S. Government Publishing Office and its Director. *See* Compl. at 1. He contends that, in March 2024, he announced "a run for Congress" to represent New York's 21st Congressional District, but he was "left off of the ballot unlawfully." *See id*. at 2. His bid for election was apparently reviewed in proceedings filed in the U.S. District Court for the Northern District of New York, and the presiding judge in those proceedings issued a show-cause order to Plaintiff, to which he filed a response on November 12, 2024. *See id.* at 3. Plaintiff alleges that the district judge then "issued an Order restricting my unalienable constitutional right." *Id*. In the present action, Plaintiff now takes issue with the lack of public availability of his response to the show-cause order on Govinfo.gov, which he alleges violates the First Amendment. *See id*. According to Plaintiff, Govinfo.gov "only shows the public the filings made by the Court. . . . In other words, a government website created under Barack Obama, has repressed [his] response [to the show-cause order] from the American public." *Id*. He

demands an order directing Defendants to place his response to the Northern District of New York court's show-cause order on Govinfo.gov, as well as every other document filed in every single federal case. *See id*.

First, Plaintiff has failed to state a claim. To sufficiently state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Relevant here, Federal Rule 12(b)(6) authorizes dismissal of claims that are "based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *see also Baker v. Dir., U.S. Parole Comm'n*, 916 F.2d 725, 727 (D.C. Cir. 1990) (per curiam) (authorizing *sua sponte* dismissal for failure to state a claim). Further, The IFP statute requires dismissal of a case "at any time" the Court determines that a complaint fails to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii).

Here, even in affording Plaintiff "the benefit of all inferences that can be derived from the facts alleged," *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994), his Complaint falls short of stating an actionable claim. As background, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services), when a federal court issues a determination that contains a reasoned explanation for the action in this case, i.e., a written opinion, *see* Pub. L. No. 107–347, Title II § 205, 2002 H.R. Rep. 2458, 2914–15 (Dec. 17, 2002), that opinion must be made publicly available and thus posted on the United States Court of Federal Claims' website, or at https://www.govinfo.gov/app/collection/uscourts/national/cofc. Indeed, Govinfo.gov itself clearly states that it

"provides free public access to official publications from all three branches of the Federal Government." *See About GovInfo*, https://www.govinfo.gov/about (last visited on Dec. 23, 2025).[1]

Plaintiff's response to the show-cause order is neither an official publication nor was it issued by a branch of the government. In addition, the E-Government Act does not for a private right of action. *See Elec. Privacy Info. Ctr. v. Presidential Advisory Comm'n on Election Integrity*, 266 F. Supp. 3d 297, 315 (D.D.C. 2017). In enacting § 205, "Congress sought to address the attendant problems which could arise when making court documents, many of which contain sensitive information, readily available to the public by means of the internet." *Montin v. Gibson*, No. 4:09-cv-3102, 2009 WL 2486441, at *3 (D. Neb. Aug. 12, 2009) (cleaned up). More specifically, § 205(c)(3) "provides that the 'Supreme Court shall prescribe rules . . . to protect privacy and security concerns relating to electronic filing of documents and the public availability under this subsection of documents filed electronically.'" *Id*. (quoting § 205(c)(3)). "Because Section 205 is a mandate directed at the Supreme Court and not individuals," its parameters generally cannot be challenged by individuals in federal district courts. *See id*.; *see also Lopez v. JP Morgan Chase*, No. 2:24-cv-10990, 2025 WL 2015001, at *3 (E.D. Mich. Apr. 28, 2025) (finding that federal district courts are not in the business" of regulating whether data is appropriate for display on GovInfo.gov), *R&R adopted*, 2025 WL 2014998 (E.D. Mich. Jul. 17, 2025).

Plaintiff has also failed to establish standing. "[A] defect of standing is a defect in subject matter jurisdiction." *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987). Under Article III of the Constitution, federal courts "may only adjudicate actual, ongoing controversies," *Honig v. Doe*, 484 U.S. 305, 317 (1988), of which "the core component of standing is an essential and unchanging part[.]" *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). To satisfy the standing requirement,

---

[1] The Court may take judicial notice of information from official public websites of government agencies. *See Cannon v. Dist. of Columbia*, 717 F.3d 200, 205 n.2 (D.C. Cir. 2013).

a plaintiff must establish at a minimum (1) that he has "suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical[;]" (2) that "a causal connection" exists "between the injury and the conduct complained of . . . [that is] not the result of the independent action of some third party not before the court[;]" and (3) that the injury will "likely" be redressed by a favorable decision. *Id.* at 560–61 (cleaned up).  In other words, Article III judicial power exists only to redress or otherwise to protect against actual or imminent injury to the complaining party.  *See Moses v. Howard Univ. Hosp.*, 606 F.3d 789, 794–95 (D.C. Cir. 2010).

Plaintiff does not allege a redressable injury that is particularized to himself.  He has not alleged how, if at all, he has personally suffered injury due to the lack of public availability of his response to the show-cause order on Govinfo.gov.  He has alleged only that access to that document, and to all other documents ever filed in a federal case, will "preserve the behavior of a healthy functioning democracy" and "eliminate the practice of cherry-picked selections that skew public perception."  Compl. at 3.  But "a plaintiff raising only a generally available grievance about" the government or its officials, "claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy." *Lujan*, 504 U.S. at 573–74.  Where, as here, a "plaintiff's stake is no greater" than millions of other Americans, the harm is simply "too vague and its effects too attenuated." *See Berg v. Obama*, 574 F. Supp. 2d 509, 519 (E.D. Pa. 2008), *aff'd*, 586 F.3d 234 (3rd Cir. 2009).  Accordingly, as pleaded, Plaintiff has no standing to bring his claims.  *See Cornish v. Dudas*, 715 F. Supp. 2d 56, 69–70 (D.D.C. 2010).

For these reasons, the Complaint, and this case, are dismissed without prejudice. A separate order accompanies this Memorandum Opinion.

Date: December 29, 2025

/s/_____
ANA C. REYES
United States District Judge